UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY DICKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, a corporation, and DOES 1-10, inclusive,<br><br>　　　　Defendant. | No. 2:16-cv-00900-KJM-AC<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

The court held an initial scheduling conference in this case on September 1, 2016, Susan B. Grabarsky appeared for plaintiff; Blake J. Russum appeared for defendant.

Having reviewed the parties' Joint Status Report filed on August 25, 2016, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

I.  **SERVICE OF PROCESS**

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

/////

/////

1

II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No further joinder of parties is permitted without leave of court, good cause having been shown, and the parties must make all amendments to the pleadings by **September 30, 2016**. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

III.    JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332, Jurisdiction and venue are not disputed.

IV.     DISCOVERY

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) were complete as of the date of the scheduling hearing. Parties shall complete all discovery by **May 26, 2017**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court. While the assigned magistrate judge reviews proposed discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as discussed in more detail below. In addition, while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, even in connection with a discovery matter.

V.      DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **June 2, 2017**. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B). By **June 16, 2017**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously

/////

1  retained an expert to testify on that subject.  The supplemental designation shall be accompanied
2  by a written report, which shall also comply with the conditions stated above.

3        Failure of a party to comply with the disclosure schedule as set forth above in all
4  likelihood will preclude that party from calling the expert witness at the time of trial.  An expert
5  witness not appearing on the designation will not be permitted to testify unless the party offering
6  the witness demonstrates: (a) that the necessity for the witness could not have been reasonably
7  anticipated at the time the list was proffered; (b) that the court and opposing counsel were
8  promptly notified upon discovery of the witness; and (c) that the witness was promptly made
9  available for deposition.

10        For purposes of this scheduling order, an "expert" is any person who may be used
11  at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which
12  include both "percipient experts" (persons who, because of their expertise, have rendered expert
13  opinions in the normal course of their work duties or observations pertinent to the issues in the
14  case) and "retained experts" (persons specifically designated by a party to be a testifying expert
15  for the purposes of litigation).  A party shall identify whether a disclosed expert is percipient,
16  retained, or both.  It will be assumed that a party designating a retained expert has acquired the
17  express permission of the witness to be so listed.  Parties designating percipient experts must state
18  in the designation who is responsible for arranging the deposition of such persons.

19        All experts designated are to be fully prepared at the time of designation to render
20  an informed opinion, and give the bases for their opinion, so that they will be able to give full and
21  complete testimony at any deposition taken by the opposing party.  Experts will not be permitted
22  to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition
23  taken subsequent to designation.  All expert discovery shall be completed by **July 16, 2017.**
24  /////
25  /////
26  /////
27  /////
28  /////

3

VI.     MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>heard no later than</u> **July 28, 2017**.[1]  The parties may obtain available hearing dates by checking Judge Mueller's page on the court's website.

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230 governs the calendaring and procedures of civil motions; the following provisions also apply:

(a)     The opposition and reply must be filed by 4:00 p.m. on the day due; and

(b)     When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.  Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651, 652-53 (9th Cir. 1994).

The court values the importance of training young attorneys.  The parties are encouraged to consider assigning oral argument to a young attorney.  If a written request for oral argument is filed before a hearing, stating an attorney of four or fewer years out of law school will argue the oral argument, then the court will ordinarily hold the hearing, although the court's schedule and calendar may require the hearing to be reset.  Otherwise, the court may find it appropriate in some actions to submit a motion without oral argument.

The court places a page limit of twenty (20) pages on all moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing at least fourteen (14) days prior to the filing of the motion.

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution.  Plaintiff's counsel should carefully evaluate the defendant's contentions as to deficiencies in the complaint and in many instances the party considering a motion should agree to any amendment that would cure a curable defect.  Counsel

---

[1] Note that this date may not correspond to a law and motion calendar date.

should discuss the issues sufficiently so that if a motion of any kind is filed, including for summary judgment, the briefing is directed only to those substantive issues requiring resolution by the court.  Counsel should resolve minor procedural or other non-substantive matters during the meet and confer.  **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts.**

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

VII.   SEALING

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court.  If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge.  All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket.  The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.  If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

VIII.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **November 17, 2017**, at 10:00 a.m.  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

/////

1      Counsel for all parties are to be fully prepared for trial at the time of the Final
2 Pretrial Conference, with no matters remaining to be accomplished except production of
3 witnesses for oral testimony.  The parties shall confer and file a joint pretrial conference
4 statement by **October 27, 2017**.  The provisions of Local Rule 281 shall apply with respect to the
5 matters to be included in the joint pretrial statement.  In addition to those subjects listed in Local
6 Rule 281(b), the parties are to provide the court with the following:
7      - A plain, concise statement that identifies every non-discovery motion previously
8 tendered to the court and its resolution.
9      - A concise, joint list of undisputed core facts that are relevant to each claim.
10 Disputed core facts should then be identified in the same manner.  The parties are reminded not to
11 identify every fact in dispute but only those disputed facts that are essential to the formulation of
12 each claim.  Each disputed fact and undisputed fact should be separately numbered or lettered.
13 Where the parties are unable to agree on the core disputed facts, they should nevertheless list core
14 disputed facts in the above manner.
15      - Concise lists of disputed evidentiary issues that will be the subject of a party's
16 motion *in limine*, and whether the parties believe resolution of any of these motions will be
17 necessary before the first day of trial.
18      - Each party's points of law, which concisely describe the legal basis or theory
19 underlying their claims and defenses.  Points of law should reflect issues derived from the core
20 undisputed and disputed facts.  Parties shall not include argument with any point of law; the
21 parties may include concise arguments in their trial briefs.
22      - A joint statement of the case in plain concise language, which will be read to the
23 jury during voir dire and at the beginning of the trial.  The purpose of the joint statement is to
24 inform the jury what the case is about.
25      - The parties' position on the number of jurors to be impaneled to try the case.
26      Discovery documents to be listed in the pretrial statement shall not include
27 documents to be used only for impeachment and in rebuttal.
28 /////

1        The parties are reminded that pursuant to Local Rule 281 they are required to attach to the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered.  The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ".  However, if the amount of defendant exhibits exceeds "ZZ" exhibits shall be then listed as AAA, BBB, CCC etc.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions to be used only for impeachment.  In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.  The parties are encouraged to consult concerning exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-1, JX-2.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later than 3:00 p.m. on the Friday before trial.

Failure to comply with Local Rule 281, as modified by this order, may be grounds for sanctions.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[2] A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

<u>Concurrently with the filing of the Joint Final Pretrial Conference Statement, counsel shall submit to chambers the word processable version of the Statement, in its entirety (including the witness and exhibit lists) to:  kjmorders@caed.uscourts.gov</u>.

IX.     MOTIONS *IN LIMINE*

All motions *in limine* must be filed in conjunction with the joint pretrial statement. In most cases, motions *in limine* are addressed and resolved on the morning of the first day of trial.  As noted above, the parties may alert the court at the final pretrial conference and in their final pretrial statement that a particular motion or motions should be resolved earlier.  At the final pretrial conference, the court will then set a briefing and hearing schedule on these motions *in limine* as necessary.

The parties are reminded that a motion *in limine* is a pretrial procedural device designed to address the admissibility of evidence.  The court looks with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions *in limine*.

/////

/////

---

[2] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.,* 770 F.2d 866, 868-69 (9th Cir. 1985).

8

X.     TRIAL SETTING

The jury trial is set for **January 8, 2018** at 9:00 a.m. The parties estimate a trial length of approximately 8-10 days. Trial briefs are due by **December 22, 2017**.

XI.    SETTLEMENT CONFERENCE

Both parties have agreed to private mediation in this case. Specifically, they agree to "private mediation before mediator Vivien Williamson, with all costs split equally between the parties. The parties have scheduled mediation to go forward on November 9, 2016." If the private mediation on November 9, 2016 does not resolve the case, the court will set a final court-convened settlement conference at the time of the Final Pretrial Conference or the parties at an earlier time may request the court schedule a settlement conference. In the event that an earlier court settlement conference date or referral to the Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing. Because the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at any Settlement Conference or to be fully authorized to settle the matter on any terms. Each judge has different requirements for the submission of settlement conference statements; the appropriate instructions will be sent to you after the settlement judge is assigned.

XII.   MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause. Agreement by the parties pursuant to stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

The assigned magistrate judge is authorized to modify only the discovery dates shown above to the extent any such modification does not impact the balance of the schedule of the case.

/////

9

XIII.  OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED: September 7, 2016.

_____
UNITED STATES DISTRICT JUDGE